IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10083
Summary Calendar

_____

ALONZO HOWARD PAYNE,

Plaintiff-Appellant,

versus

DR. REVELL; SUSAN SOSOBEE, also
known as Sosebee; CAPTAIN HARRELL;
KENNETH McCOY, Lieutenant; KARA
GIBBS, Sergeant; DARREL W. SCHAFFER,
Correctional Officer III,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:961-CV-200

_____

November 11, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alonzo Howard Payne, Texas prisoner #487654, appeals the
district court's summary judgment dismissal of his 42 U.S.C. § 1983
complaint as to the defendants, Dr. Timothy Revell, dietician Susan
Sosebee, and Captain Robert Harrell.  Payne contends that he met
his burden of showing the existence of genuine issues for trial
with respect to his claim that these defendants were deliberately
indifferent to his serious medical needs.  Payne has also filed a

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for leave to file a petition for writ of mandamus. The motion is DENIED.

Payne's voluminous medical history reflects that he received extensive medical care for his diabetes. He acknowledges in his appeal brief that he "is in disagreement with his physician over the proper type of treatment." However, Payne's disagreement with the extensive medical treatment he received is not sufficient to raise a genuine issue of material fact. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Furthermore, defendant Harrell is entitled to qualified immunity in connection with his efforts to accommodate Payne's medical need for food while still maintaining discipline. See Harris v. Victoria Indep. Sch. Dist., 168 F.3d 216, 223 (5th Cir. 1999). Accordingly, the district court did not err in granting summary judgment in favor of defendants Revell, Sosebee, and Harrell.

Payne has abandoned any claims against any other defendants by failing to brief adequately any argument in connection therewith. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED. MOTION DENIED.